UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:24-cr-210 (DLF) |
| | : | |
| MITCHELL BOSCH, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION FOR ACQUITTAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this response in opposition to the Defendant, Mitchell Bosch's Motion for Acquittal, Doc. 76. The motion should be denied in all respects.

**I.     Background**

The trial in this matter commenced on November 13, 2024, and concluded on November 15, 2024. *See* 11/13/24, 11/14/24, and 11/15/24 Minute Entries. On November 18, 2024, the jury returned its verdict, finding the defendant guilty of Count 1 (Civil Disorder), Count 2 (Assault on a Federal Officer), Count 3 (Entering and Remaining on Restricted Grounds), Count 4 (Disorderly and Disruptive Conduct on Restricted Grounds), Count 6 (Disorderly and Disruptive Conduct on Capitol Grounds), and Count 7 (Physical Violence on Capitol Grounds). The jury returned a verdict of not guilty as to Count 5 (Physical Violence on Restricted Grounds).

At trial, the evidence showed that Bosch entered the restricted perimeter around the capitol grounds that had been established for the certification of the electoral college vote, assaulted multiple police officers on the Upper West Terrace, making physical contact, and interfering with their ability to clear rioters from the Capitol grounds. *See* GX 400, 500A.1, 503A.1, 503E.1, 504.1, 510B.1, 600A.1, 600A.1, 601A.1, 602A.1, 606A.1. Due to the presence of Bosch and other

unauthorized individuals, the joint session of congress was not able to resume until well after 6:00 p.m. when every rioter was cleared from the grounds and the Capitol building had been re-secured.

The defendant filed a Rule 29 Motion for Acquittal on December 11, 2024. Doc. 76.

**II.     Legal Standard**

   A.  Federal Rule of Criminal Procedure 29

Federal Rule of Criminal Procedure 29 permits the defendant to move for judgment of acquittal at the close of the government's case in chief or at the close of all evidence on the ground that the evidence presented is "insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The Court must consider the evidence "in the light most favorable to the government" to determine if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Shi*, 991 F.3d 198, 205 (D.C. Cir. 2021) (citations omitted). Stated otherwise, "a judgment of acquittal is warranted 'only when there is no evidence upon which a reasonable mind might find guilt beyond a reasonable doubt.'" *United States v. Khanu*, 675 F. Supp. 2d 55, 60 (D.D.C. 2009) (quoting *United States v. Byfield*, 928 F.2d 1163, 1165 (D.C. Cir. 1991)).

When considering a Rule 29 motion after a verdict, the Court "must view the evidence in the light most favorable to the verdict, and must presume that the [trier of fact] has properly carried out its functions of evaluating the credibility of witnesses, finding the facts, and drawing justifiable inferences." *United States v. Campbell*, 702 F.2d 262, 264 (D.C. Cir. 1983). Credibility determinations are for the factfinder. *See United States v. Williamson*, 81 F. Supp. 3d 85, 89 (D.D.C. 2015); *see also Glasser v. United States*, 315 U.S. 60, 80 (1942) (courts should not "weigh the evidence or determine the credibility of witnesses"). "If the evidence reasonably permits a verdict of acquittal or a verdict of guilt, the decision is for the factfinder to make," and the motion

must be denied. *United States v. Jabr*, No. CR 18-0105 (PLF), 2019 WL 13110682, at *4 (D.D.C. May 16, 2019) (granting Rule 29 motion as to completed § 1752(a)(1) offense, denying Rule 29 motion as to attempt to commit § 1752(a)(1), and finding the defendant guilty of same following a bench trial) (citing *United States v. Jemal*, Criminal No. 05-0359, 2007 WL 778623, at *3 (D.D.C. March 12, 2007); *United States v. Sutton*, 801 F.2d 1346, 1358 (D.C. Cir. 1986)).

### III.     Argument

Bosch's argument in his Rule 29 motion consists of a singular sentence, stating that, "the government failed to prove beyond a reasonable doubt each of the elements of the charged offenses." Doc. 76. No specific argument has been made as to any element of any count of conviction.

Bosch has not met Rule 29's "demanding standard"; his motion should be denied in its entirety. *See United States v. Borda*, 768 F. Supp. 2d 289, 292 (D.D.C. 2011). The government introduced sufficient evidence for a reasonable factfinder to conclude that Bosch is guilty of Counts One, Two, Three, Four, Six, and Seven, because he is in fact guilty. The government respectfully asks the Court to deny the Motion for Acquittal in its entirety.

IV.     Conclusion

For all of the foregoing reasons, the defendant's Motion for Acquittal should be denied as to all counts.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Andrew J. Tessman*
ANDREW J. TESSMAN
Assistant United States Attorney
WV Bar No. 13734
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, DC 20530
(304) 340-2334
Andrew.Tessman@usdoj.gov

MATTHEW E. VIGEANT
Assistant United States Attorney
D.C. Bar No. 144722
(202) 252-2423
Matthew.Vigeant@usdoj.gov